INTERSTATE BUILDING AND LOAN ASSOCIATION v.
R. H. BARKER ET UX.

Delivered January 27, 1897.

**1. Homestead—Lien On—Simulated Transaction.**

In an action to foreclose a lien on a homestead, evidence is admissible to show that the transaction out of which the lien arose was simulated and fraudulent.

**2. Same—Estoppel—Deed of Trust—Validity.**

The owner of a homestead who has attempted to create a lien thereon is not estopped from proving its invalidity.

**3. Void Sale—Effect on Indebtedness.**

The debtor can not escape the payment of his debt by showing an attempt by the creditor to make it out of an absolutely void sale of his property, when nothing was paid on the bid.

APPEAL from Bexar. Tried below before Hon. J. L. CAMP.

*W. H. Brooker* and *E. D. Burts,* for appellant.—1. Written evidences of indebtedness, and written instruments reciting a specific indebtedness, solemnly made, signed, and acknowledged according to law, should not be overthrown, destroyed, and swept away wholly upon the verbal testimony of the makers of such instruments, who are vitally interested in having such instruments annulled; and more especially where such instruments were procured and substantiated at the time of their execution by the solemn oaths of the same parties who now seek to destroy their efficacy. Const., art. 16, sec. 50; Rev. Stats., arts. 3174, 3175; Huff v. Clark, 59 Texas, 347; Lyon v. Ozee, 66 Texas, 95; Barns v. White, 53 Texas, 628; Martin v. Roberts, 57 Texas, 564; Fergerson v. Ashbell, 53 Texas, 245; Pool v. Weidmeyer, 56 Texas, 287, 298; 3 Willson, C. C., sec. 138; Heidenheimer v. Stewart, 65 Texas, 321; Hunt v. Cooper, 63 Texas, 362; Lippincott v. York, 86 Texas, 276.

2. Written instruments solemnly made, executed, and acknowledged should prevail, unless impeached by preponderating evidence and circumstances; in such proceedings latent attack should not be allowed to prevail. And where such instruments contain material recitals to the contract, made with the intent to induce another to believe and accept the same, the maker of such recitals is estopped from denying the same, when accepted and acted upon by the party to whom made. Edwards v. Dickson, 66 Texas, 613; Schwartz v. Bank, 67 Texas, 217; Gann v. Shaw, 2 Willson, C. C., sec. 258; Moerlin v. Investment Co., 29 S. W. Rep., 162; Haswell v. Forbes, 27 S. W. Rep., 566; 2 Herm. on Estop., secs. 560, 759; Warner v. Munsheimer, 2 Willson, C. C., sec. 395; George v. Thomas, 16 Texas, 89; Hefner v. Downing, 57 Texas, 576; Johnson v. Byler, 38 Texas, 606; Fielding v. Dubouse, 63 Texas, 631; Mayer v. Ramsey, 46 Texas, 371; Dalton v. Rust, 22 Texas, 133; 2 Pom. Eq. Jur., secs. 801-805.

*James Raley,* for appellees.—1. The homestead can not be incumbered with a debt for improvements, except by a contract made in good faith and executed in the constitutional way before the improvements are erected. No fictitious, pretended contract, dated back, will be valid. Pioneer Co. v. Dougherty, 35 S. W. Rep., 698; Loan Agency v. Hunter, 35 S. W. Rep., 399; 63 Texas, 365; 34 S. W. Rep., 972; 73 Texas, 108; 76 Texas, 608; Acts 1889, p. 113; 86 Texas, 283; 50 Texas, 573; 85 Texas, 610; 6 Texas Civ. App., 1; 4 Texas Civ. App., 454; 60 Texas, 70; 65 Texas, 11; 65 Texas, 238; 66 Texas, 96.

2. At auction sales by trustee or sheriff the rule is caveat emptor, and the purchaser must take the property and pay for it, unless he is fraudulently misled—title or no title. 2 Jones on Mort., secs. 1903-1913; 26 Am. and Eng. Encyc. of Law, 934; 37 Texas, 719; 9 Texas, 554; 13 Texas, 323; 15 Texas, 523; 20 Texas, 103; 1 White & W. C. C., sec. 338; 45 Texas, 617; 25 Texas, 450; Freem. on Ex., secs. 301-335; 31 Texas, 462; 33 Texas, 522; 19 Texas, 207; 13 Texas, 353; Wait on Fraud. Conv.,

secs. 177, 178; Bump on Fraud. Conv., sec. 628; Knox v. Earbee, 35 S. W. Rep., 186.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellee R. H. Barker against appellant, the Interstate Building and Loan Association, and C. E. Beach, to restrain the latter, as trustee, from selling their homestead under a certain deed of trust made by Barker and wife to secure the association in the payment of $1000, and to declare said instrument and certain others purporting to be liens on his homestead void. M. E. Barker, the wife of R. H. Barker, was subsequently, at the instance of the association, made a party plaintiff, and she joined in the prayer of her husband.

The building and loan association answered by a general denial, and specially, that it took an assignment of a mechanic's lien on the premises made by Barker and wife to one A. H. Briant, signed and acknowledged by them in accordance with law; that it took such assignment for a valuable consideration, in good faith, without notice of any fact that would tend to vitiate such lien; and that the deed of trust was executed to secure the money advanced by Barker to enable him to take up such lien. It then asked judgment for the money so paid Barker, and for the enforcement of its alleged lien on the property.

The appellees, by a supplemental petition, pleaded usury, part payment of the debt, and that on the 3d day of March, 1896, appellant advertised and sold the property under the deed of trust given to secure the debt, and that it was bid off and sold to one S. R. Beloate for the sum of $525, and that thereby said debt was fully paid off and discharged.

The cause was tried by the court, without a jury, who found "that the real estate involved in this suit was the homestead of plaintiff at the time it was attempted to incumber the same by a mechanic's lien and deed of trust, and that said lien was only pretended, and an attempt to incumber said homestead illegally." It then entered a decree canceling and holding for naught said pretended lien and deed of trust, and removing them as a cloud from appellee's title. It also found "that the contract was not usurious, and that R. H. Barker was due the appellant thereon the sum of $466.44," for which it entered judgment against the former in favor of the latter.

From the decree of cancelation the association has appealed. The appellee R. H. Barker complains also of the judgment against him, and has assigned cross-assignments of error.

The appellant in its brief has ignored the rule which requires "a statement of all the material facts proven upon the trial, in so far as they bear upon the issues to be presented," etc.; and we will therefore not state them in our conclusions, but will content ourselves by saying that an examination of the statement of facts found in the record fully sustains the findings of the court copied in our statement of the case, which we adopt as our own; with the additional conclusions that the appellant, through its agents, was fully apprised of the fact that the property was

appellee's homestead, and that no mechanic's lien, or lien of any character, existed upon it when it loaned Barker the money, and that appellant, through its agents, concocted the pretended mechanic's lien for the purpose of defeating the Constitution and law inhibiting liens upon homesteads.

Our conclusions of law will be as brief as those of fact. A lien that has no existence can not be enforced. Evidence that shows a paper which purports to be a lien on a homestead to be simulated and fraudulent, is admissible for the purpose of showing that the pretended lien does not exist. Hence the court did not err in admitting such evidence, nor in holding that appellees were not estopped from proving facts which invalidated the pretended lien.

In regard to appellee's cross-assignment, we will say that he can not escape the payment of a debt by showing that his property was bid for at an absolutely void sale, when nothing was paid to anyone on the bid.

There is no error in the judgment of the lower court, and it is affirmed.

*Affirmed.*